UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Judge |
| RAYMOND ERVIN, | ) | |
| | ) | (Formerly case no. 2004 D 1943, Circuit |
| Defendant. | ) | Court of Lake County, Illinois) |
| | ) | |
| In the Matter of the State Court Motion for | ) | |
| Rule to Show Cause Against the SOCIAL | ) | |
| SECURITY ADMINISTRATION. | ) | |

## <u>NOTICE OF REMOVAL</u>

To:     Jonathan D. Steele               Clerk of the Circuit Court
        Beermann LLP                     of Lake County
        61 North Clark Street, Suite 3000   18 North County Street
        Chicago, Illinois 60601          Waukegan, Illinois  60085

        Ms. Gwendolyn M. Barlow          Raymond Ervin
        P.O. Box 5829                    331 Springside Lane
        Buffalo Grove, IL 60089          Buffalo Grove, IL 60089

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Lake County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 28 U.S.C. § 1442(a)(1), and in support states the following:

1.      On April 4, 2022, plaintiff, Sarina Ervin, filed a motion for a rule to show cause in

the Circuit Court of Lake County seeking to compel the respondent Social Security Administration

("SSA") to obey a purported state court order to garnish defendant's social security benefits. Ex.

A at 4.

2.      The SSA is a federal agency.

3. The state court motion for a rule to show against the respondent SSA is therefore an action against an agency or officer under the direction of an agency or officers of the United States for actions under color of law and is therefore subject to removal to this court pursuant to 28 U.S.C. § 1442(a)(1).

4. The state court motion is subject to dismissal as sovereign immunity bars such an action against the United States or its officers in state court, and this court acquires no jurisdiction upon removal. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020); *Edwards v. Department of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981); *Robinson v. Robinson*, 1990 WL 51887, * 5 (N.D. Ill. April 12, 1990) (concluding that state court entry of default judgment against IRS after IRS failed to timely respond to garnishment orders was barred by sovereign immunity).

5. Copies of all process, pleadings, and orders received by the SSA are attached hereto as Exhibit A.

WHEREFORE, the April 4, 2022, motion for rule to show cause filed in the Circuit Court of Lake County against the respondent Social Security Administration is properly removed to this court pursuant to 28 U.S.C. § 1442(a).

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Ernest Y. Ling
    ERNEST Y. LING
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5870
    ernest.ling@usdoj.gov

Exhibit A

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 2004 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
| Respondent. | ) | |

*COPY.*
APR 0 6 2022

Mount Prospect Office

## NOTICE OF MOTION TO BE PRESENTED VIA REMOTE MEANS

**To:**   **See Attached Service List**

PLEASE BE ADVISED that on **April 21, 2022 at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the **Honorable Judge Patricia L. Cornell** or any judge sitting in her stead Via Zoom Conference, and then present the following pleadings, ***Verified Petition to Rule to Show Cause and Adjudication of Indirect Civil Contempt of Court***, a copy of which is attached hereto and served upon you.

BEERMANN LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were ☐ personally delivered, ☐ transmitted by facsimile to the fax numbers listed above; ☒ transmitted by e-mail to the e-mail addresses listed above and/or ☒ placed in the U.S. Mail properly addressed, with first class postage prepaid, to the parties at the addresses set forth above before 5:00 p.m. on April 4, 2022

Sara Boucher
Sara Boucher

BEERMANN LLP, Attorneys for Petitioner, Sarina Ervin
161 N. Clark Street- Suite 3000, Chicago, Illinois 60601, (312) 621-9700
jsteele@beermannlaw.com. Atty No.: #6308171

Service List:

**Via Certified and Regular US Mail (Return Receipt: 7021 0350 0000 5238 9362)**
Social Security Administration
705 N. Wheeling Road
Mount Prospect, Illinois 60056

**Via Electronic Mail**
Mr. Raymond Ervin
331 Springside Lane
Buffalo Grove, IL 60089
ervinpatentlaw@gmail.com

**Via Electronic Mail**
Ms. Gwendolyn M. Barlow
P.O. Box 5829
Buffalo Grove, IL 60089
barlowervin727@gmail.com

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SARINA ERVIN,                        )
      Petitioner,              )
                         )
                         )
      vs.                      )      Case No. 04 D 1943
                         )
RAYMOND ERVIN,                       )
      Respondent.              )

### VERIFIED PETITION FOR RULE TO SHOW CAUSE AND ADJUDICATION OF INDIRECT CIVIL CONTEMPT OF COURT

NOW COMES the Petitioner, SARINA ERVIN, ("Sarina"), by and through her attorneys, BEERMANN LLP, and pursuant to, the court's inherent authority to enforce its order, petitions this Honorable Court to issue a rule to show cause against third-party respondent, Social Security Administration ("SSA"), and enter an order holding them in indirect civil contempt of court for their willful failure to comply with the Garnishment Order ("Order") entered on June 23, 2021, and in support of this Petition, Sarina respectfully states as follows:

1. On August 9, 2019, a Citation to Discover Assets to a Third Party (the "Citation"), was issued to SSA. The return date on the Citation was scheduled for September 3, 2019 at 9:00 a.m. A copy of the Citation is attached hereto and incorporated herein as Exhibit "A."

2. After almost three (3) years of litigation, on June 23, 2021, this court ordered SSA to garnish the sum of $1,201.20 per month to be remitted to Sarina's counsel from Respondent, Raymond Ervin's ("Raymond"), non-exempt social security benefits. A copy of the June 23, 2021 Court Order is attached hereto and incorporated herein as Exhibit "B".

3. On June 25, 2021, counsel for Sarina served a copy of the Garnishment Order on SSA via federal express overnight. A copy of the June 25, 2021 letter and proof of delivery are attached hereto and incorporated herein as Exhibit "C".

4. On August 3, 2021, counsel for Sarina again served a copy of the Garnishment Order on SSA by certified mail. A copy of the August 3, 2021 letter and proof of delivery are attached hereto and incorporated herein as Exhibit "D".

5. As of the filing of this Petition, SSA has refused to comply with this Court's order as Beermann LLP has not received one single garnishment payment on behalf of Sarina Ervin.

6. SSA is blatantly disregarding the Court Order of June 23, 2021.

7. A Rule to Show Cause should issue against SSA to show cause as to why they should not be held in indirect civil contempt of Court for their failure to abide by the June 23, 2021 Order and said rule should be made returnable instanter.

8. Upon the return of the Rule to Show Cause this Honorable Court should find SSA in indirect civil contempt of court for their failure to abide by the June 23, 2021 Order.

9. The conduct of SSA is willful and contumacious and/or without compelling cause or justification.

10. That this Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the June 23, 2021 Order.

WHEREFORE, the Petitioner, SARINA ERVIN, by and through her attorneys respectfully prays for the following relief:

A. That this Honorable Court issue a Rule against the Social Security Administration requiring them to show cause, if any they may have, why they should not be held in Indirect Civil Contempt of this Honorable Court for its failure to abide by the June 23, 2021 Order, and said Rule be returnable *instanter* or as soon thereafter as practical;

000004

B. That this Honorable Court enter an Order herein finding that failure of the third-party respondent the Social Security Administration to abide by the June 23, 2021 Order to be willful and contumacious and/or without compelling cause or justification.

C. That this Honorable Court sanctions, the Social Security Administration, with their purge/release based upon full compliance with the June 23, 2021 Order and assess the attorney's fees incurred by Sarina Ervin against the Social Security Administration along with the court reporting costs incurred; and,

D. Granting any other and such relief as this Honorable Court deems equitable and just.

BEERMANN LLP

By:_____
     Attorney for Petitioner

Beermann LLP
Attorneys for Petitioner, Sarina Ervin
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312-621-9700
jsteele@beermannlaw.com
Attorney No. 6308171

-3-

STATE OF ILLINOIS )
                   ) SS.
COUNTY OF LAKE )

<u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

                              Jonathan D. Steele

DATED: April 1, 2022

Beermann LLP
Attorneys for Petitioner, Sarina Ervin
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312-621-9700
jsteele@beermannlaw.com
Attorney No. 6308171

-4-

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

SARINA ERVIN,          )
       Petitioner,     )
                        )
      vs.               )    Case No. 04 D 1943
                        )
RAYMOND ERVIN,     )
       Respondent.   )
         And         )
Social Security Administration,  )
     Third Party Respondent )

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To:   **Via Certified Mail (Receipt #7018 2290 0001 0381 1926)**
     Social Security Administration
     Attn: General Counsel
     Altmeyer Building, Room 611
     6401 Security Boulevard
     Baltimore, MD 21235

     YOU ARE REQUIRED to appear and/or file your answer to this Citation on the form enclosed herewith (or other appropriate answer) on September 3, 2019 at 9:00 am in Courtroom C-306 of the Circuit Court of Lake County, 18 N. County Street, Waukegan, Illinois 60085.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgment and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due the judgment debtor until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due. If requested, you must produce documents and/or records containing information concerning the property or income of the Judgement Debtor.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

**NOTE: Your written answer is sufficient for your appearance unless you received a further order to personally appear in court.**

1

**Exhibit A**

## CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month        Balance due: $595,163.14 (excluding interest)
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

**Attorney for Petitioner**

WITNESS: _____8/12/2019_____

**CLERK OF COURT**        TW

Beermann, LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
P: (312) 621-9600
jsteele@beermannlaw.com
ARDC: 6320477

2

## RIDER TO CITATION TO DISCOVER ASSETS

To:    Social Security Administration
Attn: General Counsel
Altmeyer Building, Room 611
6401 Security Boulevard
Baltimore, MD 21235

You are commanded to produce and bring for examination copies of all books and records relating to your income or assets, including but not limited to the following:

1. True, correct and complete copies of any and all documents which evidence the current amount received by Raymond Ervin as and for his monthly Social Security Benefits payments.

2. A completed copy of the attached Third Party Respondent Answer to Citation Proceedings.

3

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Case No. 04 D 1943

Hearing Date 9/3/2019

### THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS

_____, certifies under penalty of perjury that with regard to the property of the judgment
(Citation Respondent)
debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the
following property of the judgment debtor.

Circle one or more of the following and indicate the amount held:

A) Savings Account (Amount withheld) $ _____

B) Checking and/or Now Account (Amount withheld) $ _____

C) Certificate of Deposit (Amount held) $ _____

D) Money Market Account (Amount held) $ _____

E) Trust Account (Amount held) $ _____

F) Safety Deposit Box $ _____

G) No Accounts _____

H) Adverse Claimant: Name _____ Address _____

I) Wages, Salary or Commissions _____

J) Other Personal Property (Describe) _____

Attach a sheet for any additional information required by the Citation

Sub-Total _____

Less right of offset for other loans _____

Less deduction for fees limited by
205 ILCS 5/48.1 _____          Total _____

According to the business records kept by the Citation Respondent, we show the above information to be correct.

_____
Agent for Citation Respondent

Respondent/Agent:

_____
Date

Agent Name _____

Business Name _____

Address _____

_____

Phone _____

Fax _____

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

171-131 Rev. 10/13

000010



**ONTARIO SUPERIOR COURT OF JUSTICE**
**FAMILY COURT**

SUPERIOR COURT
OF JUSTICE AT OTTAWA

at 161 Elgin Street, Ottawa, ON    AUG 30 2000

DÉPOSÉ À LA COUR
SUPÉRIEURE DE JUSTICE À OTTAWA

Court File Number
57492/98
Form 25: Order
(General)
☐    Final

| | Applicant(s) | Lawyer |
|---|---|---|
| Justice Jennifer Mackinnon<br><br>_____<br><br>Judge | Sarina Ervin<br>34 Hammill Court<br>Nepean, ON | Robie S. Loomer<br>157 McLeod Street<br>Ottawa, ON<br>K2P 0Z6<br>tel - 567-8223 fax 567-8312<br>Box 206 |

| | Respondent(s) | Lawyer |
|---|---|---|
| July 5, 2000<br><br>_____<br>date of order | Raymond Ervin<br>331 Springfield Lane<br>Buffalo Grove, Illinois<br>USA 60061 | |

The court heard an application made by Sarina Ervin

The following persons were in court: Sarina Ervin and Robie S. Loomer

The court received evidence from Sarina Ervin and heard submissions on behalf of her

## THIS COURT ORDERS THAT:

### Custody

1.    The Applicant, Sarina Ervin, shall have sole custody of the children of the marriage, namely:



### Access

2.    All access by the Respondent, Raymond Ervin, shall take place in the city where the Applicant, Sarina Ervin, resides,, at times and places chosen by Sarina Ervin and shall be supervised and shall be supervised at the expense of the Respondent, Raymond Ervin.

3.    The Respondent, Raymond Ervin, is prohibited from removing the children from the municipality in which the Applicant, Sarina Ervin resides.

### Restraining Order

4.    The Respondent , Raymond Ervin, is prohibited from attending within 300 metres of the residence or place of work of the Applicant, Sarina Ervin, or the schools, daycares or

caregivers of the children.

### Police Enforcement
5.     The police forces having jurisdiction shall enforce the terms of this order.

### Passport
6.     The Applicant, Sarina Ervin, shall have the right to obtain a passport in the names of the children or to include the children on her passport without the consent of the Respondent. The Respondent is prohibited from obtaining any passports documents in the names of the children.

### Child Support
7.

8.     In addition, the Respondent shall pay his percentage share of camps and education costs of the children, currently being 100% of those costs, upon production of proof of these expenditures by the Applicant.  Currently these costs are estimated at $2,000.00 per annum for camps and $3,000.00 for educational expenses.

9.     Amounts of child support paid to the Applicant, Sarina Ervin, by the Raymond                         shall be credited against the Respondent's obligation to pay child support.

### Spousal Support
10.    The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, lump sum spousal support in the amount of $200,000.00.  The interim spousal support award is terminated as of June 30, 2000.

### FRO Enforcement
11.    Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed

### Life Insurance
12.    The Respondent shall designate each child as irrevocable beneficiary of $250,000.00 of life insurance insuring the Respondent's life in the form of a policy with Penn Mutual, and the proceeds of that policy or any replacement policy are impressed with a trust in that amount for each child.  If this policy (Penn Mutual) no longer exists or is cancelled then the Respondent shall obtain replacement insurance and this provision applies to any such other policy.

13.    The Respondent shall designate the Applicant, Sarina Ervin, as irrevocable beneficiary of $200,000.00 of life insurance insuring his life, in the form of a policy with ROA Life, the proceeds of that policy to the extent of $200,000 are impressed with a trust for the benefit of the Applicant.  If this policy () no longer exists or is cancelled then the

Respondent shall obtain replacement insurance and this provision applies to any such other policy. When the lump sum of $200,000.00 has been paid to the Applicant, she shall release this insurance provision.

**Equalization of Net Family Properties**

14. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, $310,160.63 as equalization plus pre-judgement interest to equalize their net family properties.

**Costs**

15. The Respondent, Raymond Ervin, shall immediately pay the Applicant, Sarina Ervin, costs as fixed in the amount of $15,000 including disbursement and GST. This is in addition to amounts already awarded by this court.

**Interest**

16. This order bears post-judgement interest at the rate of $7$% per annum.

August 31, 2000.
date of signature

signature of judge or clerk of the court

000013

STATE OF ILLINOIS)

COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

And                                                          04 D 1943

RAYMOND ERVIN



ORDER

    This cause coming on for hearing on the Respondent's challenge to
the validity or enforcement of the July 5th, 2000 order of the Ontario
Superior Court of Justice-Family Court in case number 57492/98
(hereinafter referred to as "the Order,". Both parties being present and
represented by counsel, the court having heard the testimony of the sworn
witnesses, reviewed the exhibits admitted into evidence, heard the arguments
of counsel and being otherwise fully advised in the premises

Finds:

1. That this court has jurisdiction of the parties hereto and the subject matter
   hereof.

2. That the parties hereto were divorced pursuant to a Divorce Judgment
   entered the 12th day of August, 1999 in Superior Court of Justice in case
   number 57492/98 in Ottawa, Canada (hereinafter called the Canadian
   court or Canadian case).

3. That at the time of the entry of the Divorce Judgment the Canadian Court
   had subject matter jurisdiction and personal jurisdiction of the parties.

4. That on November 2nd, 1998 an order was entered by the Canadian Court
   dealing with "interim custody and other relief.

1

5. That paragraph 3 of that interim order provided for interim child support of $1,613.00 Canadian (herein after denoted "C") based on income of $100,000.00 C which income was from respondent's disability insurance benefits.

6. That Raymond Ervin was represented by an attorney until January 19th 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator.

10. That at the hearing in the Canadian Court on July 5th, 2000 Sarina Ervin testified, inter alia:

    A. That in 1996 and 1997 Mr. Ervin had income over and above his disability income of $120,000.00 US per year. (p. 5&6)

    B. That she left Mr. Ervin on June 19th, 1998. (p. 6)

    C. That at the time of the separation Mr. Ervin was only making the disability insurance income. (p. 7)

    D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13&14)

    E. That at the time of the hearing Mr. Ervin was doing volunteer work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

       References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $384,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

13. That at the hearing in the instant case held on May 2nd, 2007, at page 27 of the transcript, Sarina Ervin testified that the $120,000.00 annual income she attributed to Mr. Ervin for the years 1996 and 1997 were per diem payments.

The Respondent challenges the registration of the Order on three grounds. First, that the procedure followed by the Canadian Court violated the Respondent's due process rights; Second, that the Order was obtained by fraud and Third, that Sarina Ervin is not the proper party to pursue registration of the Order.

Due Process:

The Respondent claims that since he did not receive notice of the hearing of July 5th, 2000 the court should decline to enforce the Canadian Order. This argument fails for a number of reasons. First, there is a presumption of validity to court orders and it is the burden of the party objecting to the court order to over come that presumption. In *Wright V. Autohaus Fortense Inc.*, 129 Ill. App. 3d 422 the court said, "The amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be sufficient to support a finding of the nonexistence of the presumed fact." The unsupported testimony of the Respondent that he did not receive notice does not overcome the presumption of validity of the order.

Second the Respondent did not show that there was any irregularity in the Canadian Court's procedure when, in the order of January 19th 2000, the Canadian Court set the matter "pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator." Nothing that has been presented to the court indicates that that procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for additional relief also fails because the prior relief granted in the order of November 2nd, 1998 was "interim" in nature and there is nothing to indicate that any party had a valid reason to assume that it was anything but interim. Also there is evidence that the parties were involved in financial discovery just before Respondent's attorney was discharged which leads the court to conclude that the

5

parties knew or should have known that a final order had yet to be
reached.

Fraud:

The Respondent claims that the Order was the result of fraud
perpetrated by Sarina Ervin when she testified at the hearing on July
5th, 2000. Her statement that the respondent was able to work at the
time of hearing is of no great moment. It was the opinion of Sarina
Ervin to which the Canadian Court decided to give great weight. Her
testimony regarding the income of $120,000.00 per year in 1996 and
1997 was based upon her belief that Per Diem payments are income.
This misconception might have been easily rectified through cross
examination. The Respondent chose not to avail himself of "the
greatest legal engine ever invented for the discovery of truth" by
ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that
Respondent had no earned income at the time of the hearing and had
no income other than his disability income since 1997, three years
prior to the hearing. The significant increase in child support resulted
from the Canadian Court imputing income to Respondent when he
chose not to be present and testify on his own behalf.

No Standing:

The Respondent maintains that because the Order contains paragraph
11 which states "Unless the support order is withdrawn from the
office of the Director of the Family Responsibility Office, it shall
be enforced by the Director, and amounts owing under the
support order shall be paid to the Director, who shall pay them to the
person to whom they are owed" Sarina Ervin is not entitled to register
the Order. First, this Court reads paragraph 11 as authority for the
Director to take action to collect child support, not a prohibition
denying Sarina Ervin the right to collect the child support. Again
it is the burden of the Respondent to go forward with his theory. There
was no presentation of any Canadian Law to convince the Court that
paragraph 11 precluded Sarina Ervin from pursuing registration of
the Order.

Wherefore it is hereby ORDERED as follows:

4

A. That the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice Family Court in case number 57492/98 is overruled and the registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

DONALD H. GEIGER
JUDGE

5

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

F I L E D

SARINA ERVIN, )
)
Plaintiff, )
)
vs. )
) Case No. 04 D 1943
RAYMOND ERVIN, )
)
Defendant. )

**JUN 2 3 2021**

Ena Centangut Weinstein
**CIRCUIT CLERK**

## GARNISHMENT ORDER

This matter coming on for the Court's review of Mr. Steele's proposed Garnishment Order pursuant to the hearing on June 18, 2021; Mr. Ervin having objected to the garnishment of his funds and the entry of the Order as a whole in an email but not the specifics of this Order pursuant to the Court's request after a hearing on June 18, 2021; this matter having been before the Court on June 18, 2021, for the return of a Citation to Discover Assets to a Third Party, the Social Security Administration, among other things; counsel for Sarina Ervin ("Sarina") appearing on her behalf, Raymond Ervin and Gwendolyn Barlow Ervin each appearing pro se, the Court hearing arguments and being fully advised;

**IT IS HEREBY ORDERED:**

1. A lien is hereby imposed upon the non-exempt social security benefits of Raymond N. Ervin, as of the date of the service of the citation to discover assets in the amount of $595,163.14 which excludes court costs and interest to date and includes credit for payments to date.

2. The Social Security Administration is ordered to garnish the sum of $1,201.20 per month to be remitted to Sarina Ervin's attorneys.

3. The Social Security Administration shall turn over to Sarina Ervin, through her attorneys, the withheld monthly benefits from the date of service of the Citation to Discover Assets to the date of this order, pursuant to the calculations set forth herein.

4. A lien obtained hereunder shall have priority over any subsequent lien obtained hereunder.

5. That this continuing Garnishment Order shall remain in effect until the judgment of $595,163,14 plus 9% simple interest are paid in full.

6. That this Court retains jurisdiction of the parties hereto and subject matter hereof for enforcement purposes.

ENTERED:

The Honorable Judge Cornell

Jonathan D. Steele
BEERMANN LLP
Attorneys for Petitioner Sarina Ervin
161 North Clark St., Ste. 3000
Chicago, Illinois 60601
(312) 621-9700; jsteele@beermannlaw.com
Atty. No 6308171

**Exhibit B**

000019



June 25, 2021

**Via Federal Express Overnight**
Social Security Administration
705 N. Wheeling Road
Mount Prospect, IL 60056

> RE: In Re the Marriage of Ervin
> Case No.: 2004 D 1943

To Whom It May Concern:

On August 13, 2019, my office issued a Citation to Discover Assets to a Third Party to the Social Security Administration regarding Mr. Raymond Ervin                On June 23, 2021, the Honorable Judge Cornell entered a Garnishment Order ordering the Social Security Administration to garnish $1,201.20 per month from Mr. Ervin's Social Security Benefits. A copy of said order is enclosed herewith.

Additionally, the June 23, 2021 Garnishment Order states that the Social Security Administration should tender the sum ordered to Ms. Ervin's attorney on a monthly basis. Please have all checks mailed to Beermann LLP, 161 N. Clark Street, Suite 3000, Chicago, Illinois 60601.

Should you have any questions or concerns, please do not hesitate to contact my office.

Very truly yours,

Jonathan D. Steele

JDS:sab

Enclosure

WWW.BEERMANNLAW.COM

161 NORTH CLARK STREET • SUITE 3000 • CHICAGO. ILLINOIS 60601 • TELEPHONE (312) 621-9700 • FAX (312) 621-0909
2275 HALF DAY ROAD • SUITE 350 • BANNOCKBURN. ILLINOIS 60015 • TELEPHONE (847) 681-9600 • FAX (847) 681-0909

**Exhibit C**



August 3, 2021

**Via Certified Mail Receipt #7020 2450 0001 6996 5965**
Social Security Administration
705 N. Wheeling Road
Mount Prospect, IL 60056

                    RE:    In Re the Marriage of Ervin
                           Case No.:  2004 D 1943

To Whom It May Concern:

    Enclosed herewith is a copy of the Garnishment Order which was entered on June 23, 2021 and previously sent to your office on June 25, 2021.

    Should you have any questions or concerns, please do not hesitate to contact my office.

                         Very truly yours,

                         Jonathan D. Steele

JDS:sab

Enclosure

WWW. BEERMANNLAW. COM

161 NORTH CLARK STREET • SUITE 3000 • CHICAGO. ILLINOIS 60601 • TELEPHONE (312) 621-9700 • FAX (312) 621-0909
2275 HALF DAY ROAD • SUITE 350 • BANNOCKBURN. ILLINOIS 60015 • TELEPHONE (847) 681-9600 • FAX (847) 681-0909

Exhibit D

000021

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
# LAKE COUNTY, ILLINOIS

SARINA ERVIN,         )
                             )
        Petitioner,   )
                             )
     vs.               )   Case No. 04 D 1943
                             )
RAYMOND ERVIN,   )
                             )
        Respondent.  )

*COPY.*

APR 0 6 2022

**Mount** Prospect Office

## PROOF OF SERVICE

To:   barlowervin727@gmail.com       Social Security Administration
      Ms. Gwendolyn M. Barlow        Altmeyer Building, Room 611
      P.O. Box 5829                6401 Security Boulevard
      Buffalo Grove, Illinois 60089    Baltimore, MD 21235

                                     Attn: General Counsel

     **PLEASE TAKE NOTICE** that on **December 23, 2020**, this office caused to be served upon the above-named party the following Court Order, a copy of which are herewith served upon you.

- *Court Order Entered on December 22, 2020*

BEERMANN, LLP

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were ☐ personally delivered, ☐ transmitted by facsimile to the fax numbers listed above; ☒ transmitted by e-mail to Gwendolyn Barlow at the e-mail address listed above and/or ☒ placed in the U.S. Mail properly addressed to the Social Security Administration, with first class postage prepaid, to the parties at the addresses set forth above before 5:00 p.m. on _____December 23_____, 2020.

                            *Rosa E. Gutierrez*
                           Rosa E. Gutierrez

BEERMANN, LLP, Attorneys for Petitioner
161 North Clark St., Ste. 3000, Chicago, Illinois 60601: (312) 621-9700;
jsteele@beermannlaw.com Attorney No.: 6308171

000022

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED

DEC 2 1 2020

Erin (illegible)
CIRCUIT CLERK

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter coming on to be heard upon return of the citations to discover assets served upon Gwendolyn Barlow and the Social Security Administration, the matter was set for 9:00 a.m. and was called at 9:50 a.m., counsel for Sarina appearing on her behalf, Gwendolyn Barlow failing to appear on her own behalf or on behalf of Raymond Ervin and the Court being fully advised;

**IT IS HEREBY ORDERED:**

1. This matter is continued to January 11, 2021 at 10:00 a.m. for hearing on Sarina's citation to discover assets served upon the Social Security Administration. Sarina shall provide an additional courtesy copy of her memorandum of law filed on October 9, 2019 to this Court by January 4, 2021.

2. The date of January 11, 20201 shall also be used as a status regarding Gwendolyn Barlow's compliance with the rider to the citation to discover assets served upon her as well as all prior orders regarding her document production including, without limitation, the orders entered on February 6, 2019 and April 2, 2019. Ms. Barlow's production shall further include supplements to her prior production to include documents responsive to the rider that were generated between the date of her last production (April, 2019) and January of 2021.

3. The citation examination of Gwendolyn Barlow shall take place via Zoom on January 15, 2021 at 2:00 p.m. with a certified court reporter to be provided by Sarina's counsel. Sarina's counsel shall provide the Zoom ID and password to Ms. Barlow no less than 48 hours prior to the scheduled citation examination. If Ms. Barlow is unavailable on January 15, 2021 for her citation examination, she shall notify Sarina's counsel no later than December 25, 2020 and she shall provide three alternative dates and times to conduct her citation examination between January 18, 2021 and January 29, 2021.

4. A copy of this order shall be served upon Ms. Barlow via email to barlowervin727@gmail.com and served upon the Social Security Administration. Counsel for Sarina shall file a proof of service indicating that this order has been served upon Ms. Barlow and Social Security Administration.

ENTERED:

_____
Judge                                    No.

BEERMANN LLP, Attorneys for Petitioner Sarina Ervin, Atty. No 6308171
161 North Clark St., Ste. 3000, Chicago, Illinois 60601, (312) 621-9700, jsteele@beermannlaw.com