IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND ERVIN,<br><br>Defendant.<br><br>In the Matter of the State Court Motion for Rule to Show Cause Against the SOCIAL SECURITY ADMINISTRATION. | ) | Case No. 22 C 2021<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarina Ervin divorced her husband Raymond in 1999 in a proceeding in Canada. The Canadian court ordered Raymond to make monthly child-support payments to plaintiff. The couple has been fighting over those payments ever since. Raymond moved to Illinois, and in 2004 plaintiff registered the order in the Circuit Court of Lake County, Illinois. See 750 ILCS 22/602. Since that time, Raymond has unsuccessfully contested that order in both state and federal court. A more detailed history of these efforts can be found in Ervin v. Ervin, 849 F. App'x. 168 (7th Cir. 2021).

In 2019 plaintiff issued a third-party citation to discover assets on the Social Security Administration ("SSA") seeking to force SSA to withhold benefit payments from Raymond to satisfy, at least in part, his obligation to make child support payments to plaintiff. Before SSA could comply with the citation, Raymond attempted to remove the case to the federal district court based on diversity of citizenship, but the district court remanded, concluding that the removal was untimely and lacked any reasonable basis. Id.

SSA responded to the citation indicating that Raymond was entitled to payments. Plaintiff, apparently without notice to SSA, then sought and received an order from the state court directing SSA to withhold and pay a portion of Raymond's SSA benefits directly to plaintiff's counsel. This order is in contravention of the federal statute waiving sovereign immunity for child support payments, which requires that such payments be made to a state disbursement unit. 42 U.S.C. §§ 666(a)(8)(B)(iii) and (b)(5).

On April 4, 2022, plaintiff filed a motion in the state court for a rule to show cause, seeking to compel SSA to obey the state court order to withhold and pay directly to her counsel Raymond's social security benefits as payment for the ordered child support. The motion also sought contempt sanctions and attorney's fees. SSA removed the show cause motion (as opposed to the whole state court case) as an action against a federal agency under 28 U.S.C. § 1442. Plaintiff moved to remand the motion back to state court, and SSA then moved to dismiss on derivative jurisdiction grounds, arguing that the state court action was barred by sovereign immunity. For the reasons described below, plaintiff's motion to remand is denied, and the SSA's motion to dismiss is granted.

**Plaintiff's Motion to Remand**

SSA removed the motion for rule to show cause under 28 U.S.C. § 1442(a)(1), which provides, in relevant part, that:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for

> any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The term "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court." 28 U.S.C. 1442(d).

Removal under §1442 must meet four requirements: 1) the proceeding must be a 'civil action'; 2) against or directed to the removing party; 3) the removing party must be one of the entities listed; and 4) the civil action must be for or relating to any act under color of such office. Hammer v. United States Dep't. of Health and Human Services, 905 F.3d 517, 526 (7th Cir. 2018). The Supreme Court has interpreted the last element to require a "colorable" federal defense. Id.; Jackson County, Ala., 527 U.S. 423, 431 (2018).

Plaintiff has raised three challenges to removal. First, she argues that SSA lacks a "colorable" federal defense because the United States has waived sovereign immunity for child support garnishment proceedings. Next, she argues that SSA's removal was untimely because SSA became a party to the garnishment proceedings nearly three years prior to the removal. Finally, she argues that State court domestic relations proceedings, enforcement proceeding, and civil contempt proceedings are not removable. Each of these arguments are based on a misinterpretation of § 1442 in general, and what was removed to this court. The court will address each argument in turn.

First, in the notice of removal, SSA raises the defense that the court lacks jurisdiction under the derivative jurisdiction doctrine, because the state court lacked jurisdiction to issue the rule to show cause. For purposes of § 1442 removal, "the claimed defense need only be plausible," not clearly sustainable. Ruppel v. CBS Corp., 701 F.3d 1176, 1182 (7th Cir. 2021). The validity of the defense may raise complex issues, but the propriety of removal does not depend on the answers. Id.

Plaintiff argues that the defense is not colorable because the United States has waived sovereign immunity in the Child Support Enforcement Act, 42 U.S.C. § 659(a) for "proceedings in the nature of the garnishment for child support and alimony." There is no dispute that § 659 was enacted "to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against Government agencies attaching funds in their possession." Rose v. Rose, 481 U.S. 619, 620 (1987). As a result, the garnishment proceeding and the citation served on SSA was not removable, and has not been removed. There has been no waiver of sovereign immunity for contempt proceedings, however, because they expose the government to a potential monetary judgment for which the government has not waived sovereign immunity under § 659. See Flournoy v. Defense Finance Accounting Service, 2020 WL 2781505 at *4 (E.D. Va. May 28, 2020). See also Looper v. Looper, 2014 WL 2859252 at * 3 (W.D. Okla. June 23, 2014) (holding that plaintiff sought "to broaden the scope of the limited waiver of sovereign immunity found in § 659(a) beyond permissible limits to include a proceeding for contempt."). Consequently, under 1442(d), SSA removed only the motion for rule to show cause.

Plaintiff's argument that the removal was untimely falters for the same reason. Generally, under 28 U.S.C. § 1446(b) a defendant must file a notice of removal within thirty

days of the receipt of the initial pleading. Plaintiff argues that under this section SSA should have filed its notice of removal when it was first served with the citation to discover assets sometime in 2019. But, as explained above, the garnishment action was not removable because sovereign immunity was waived for that proceeding under §659(a). Only the rule to show cause contempt proceeding was removable, and it is unquestioned that SSA filed its notice of removal within thirty days of plaintiff's motion.

Finally, plaintiff argues that State court domestic relations proceedings, enforcement proceeding, and civil contempt proceedings are not removable. As noted above, however, the motion for rule to show cause is not considered part of the domestic relations case. Instead, for purposes of § 1442(a) it is considered a separate civil action, and under §1442(d) is removable even though it is ancillary to a non-removable proceeding. Consequently, the court denies plaintiff's motion to remand.

**SSA's Motion to Dismiss**

SSA has moved to dismiss, arguing that the court lacks jurisdiction. Under the doctrine of derivative jurisdiction, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." Arizona v. Manypenny, 451 U.S. 232, 242 n. 17 (1981). The doctrine "is best understood as a procedural bar to the exercise of federal judicial power." Ricci v. Salzman, 976 F.3d 768, 771 (7th Cir. 2020). "It creates a procedural defect in removal, but is not an essential ingredient to federal subject matter jurisdiction." Id. It can be waived if not timely raised. Id. The doctrine has been abrogated with respect to the

general removal statute, 28 U.S.C. § 1441(f), but still applies with respect to the federal agency removal statute, 28 U.S.C. 1442. Id. at 772.

As discussed above, sovereign immunity has not been waived for the rule to show cause motion proceeding before the state court. Consequently, the state court had no jurisdiction over that proceeding. As a result, this court acquired no jurisdiction upon removal. SSA's motion to dismiss is granted.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to remand [Doc. 13] is denied. SSA's motion to dismiss [Doc. 15] is granted. Plaintiff's motion to reassign [Doc. 10] is denied as moot. The case is dismissed for lack of jurisdiction.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: July 18, 2022**